United States Court of Appeals

For the Eighth Circuit

_____

No. 15-3048
_____

Blake Roussel

*Appellant*

v.

Clear Sky Properties, LLC; LuAnn Deere

*Appellee*s

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: June 16, 2016
Filed: July 25, 2016

_____

Before SMITH, GRUENDER, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

    Blake Roussel and LuAnne Deere formed Clear Sky, LLC d/b/a Exit First Choice Realty—an Exit Realty brokerage franchise—in Conway, Arkansas. Clear Sky purchased the right to operate its franchise in one half of Conway. The Operating Agreement provided that existing members had the right to veto a proposed sale of another member's interest; it also included a provision allowing attorneys' fees.

About a year after forming Clear Sky, Roussel wanted to sell his 50% interest, but Deere refused. Roussel then proposed to sell two-thirds of his 50% interest. Deere agreed. Three months later, Roussel and two Clear Sky real estate agents filed articles of organization for Select Group Investments d/b/a Exit Realty Select—an Exit Realty brokerage franchise—in Conway, Arkansas. Select Group Investments purchased the right to operate its franchise in the other half of Conway. Twelve Clear Sky agents soon joined Select Group Investments.

Deere and Clear Sky sued Roussel in state court for breach of fiduciary duty, fraud, breach of contract, and violations of the Arkansas Franchise Practices Act. A jury found that Roussel breached his fiduciary duty to Clear Sky and Deere. To Clear Sky, the jury awarded $184,683.60 for lost revenue, $1,480.00 for damage to property, and $113,836.40 in punitive damages. To Deere, the jury awarded $58,800 for breach of fiduciary duty and $40,000 for breach of contract. The court ordered Roussel to pay attorneys' fees.

Roussel filed Chapter 7 bankruptcy. Clear Sky and Deere filed an adversary proceeding against Roussel, requesting that the bankruptcy court declare the entire state court judgment nondischargeable under 11 U.S.C. § 523(a)(4) and § 523(a)(6). They argued, under the doctrine of collateral estoppel, the state court judgment bound the bankruptcy court to find the debt nondischargeable. Roussel countered that the § 523(a)(4) and (a)(6) issues were not actually litigated in state court. Agreeing with Roussel, the bankruptcy court found the entire Judgment Debt dischargeable, except the $1,480 award for property damage. ***In re Roussel***, 483 B.R. 915 (Bankr. E.D. Ark. 2012). Clear Sky and Deere appealed to the district court.[1] The district court reversed, finding the entire Judgment Debt nondischargeable. ***In re Roussel***, 504 B.R. 510 (E.D. Ark. 2013). It remanded the attorneys' fees issue to the bankruptcy court. On further appeal, this court held it lacked jurisdiction to review the case until

---

[1] The Honorable Judge Susan Webber Wright, United States District Court for the Eastern District of Arkansas.

-2-

the pending attorneys' fees issue was resolved. *In re Roussel*, 769 F.3d 574 (8th Cir. 2014).

The bankruptcy court found the attorneys' fees award nondischargeable. *In re Roussel*, 536 B.R. 254 (Bankr. E.D. Ark. 2015). The district court affirmed, and Roussel appeals. This court reviews findings of fact for clear error and legal conclusions de novo. *Pearson Educ., Inc. v. Almgren*, 685 F.3d 691, 694 (8th Cir. 2012). Having jurisdiction under 28 U.S.C. § 1291, this court affirms the district court.

I.

Roussel argues the district court erred in finding the Judgment Debt nondischargeable under 11 U.S.C. § 523(a)(6), which prevents discharge of debts "for willful and malicious injury by the debtor to another entity or to the property of another entity." Willful and malicious "are two different characteristics. They should not be lumped together to create an amorphous standard to prevent discharge for any conduct that may be judicially considered to be deplorable." *In re Long*, 774 F.2d 875, 880-81 (8th Cir. 1985). A simple interference with legal rights "is not enough in itself to prevent discharge of a debt." *Id.* at 879, *discussing* *Davis v. Aetna Acceptance Co.*, 293 U.S. 328 (1934).

Roussel first contends the district court erred in applying collateral estoppel to find he acted maliciously under 11 U.S.C. § 523(a)(6). Collateral estoppel applies in bankruptcy court. *Grogan v. Garner*, 498 U.S. 279, 284 n.11 (1991). If the same issue was actually litigated and determined by a final judgment, and was essential to that final judgment, it cannot be relitigated in bankruptcy court. *In re Harper*, 378 B.R. 836, 849 (Bankr. E.D. Ark. 2007). "An issue may be 'actually' decided even if it is not *explicitly* decided, for it may have constituted, logically or practically, a necessary component of the decision reached in the prior litigation." *Id.*, *quoting* *In re Smith*, 270 B.R. 544, 548 (D. Mass. 2001).

Maliciousness is conduct "targeted at the creditor . . . at least in the sense that the conduct is certain or almost certain to cause financial harm." ***Long***, 774 F.2d at 881. *See also **In re Porter***, 539 F.3d 889, 893 (8th Cir. 2008). "While intentional harm may be very difficult to establish, the likelihood of harm in an objective sense may be considered in evaluating intent." ***Long***, 774 F.2d at 881.

The state court's jury instruction allowed punitive damages if the jury found Roussell

> *knew or ought to have known* in light of the surrounding circumstances, his conduct would *naturally and probably result in damages*, and that he continued such conduct in reckless disregard of the consequences *from which malice may be inferred*; or second, that Blake Roussel intentionally pursued a course of conduct for the purpose of causing damage, or both.

(Emphasis added). Roussel insists this instruction is not a basis for applying collateral estoppel to find he acted with malice. First, he questions whether the "reckless disregard" or "intentionally" prongs were the reason for the punitive damages. Second, he asserts that the "reckless disregard" prong does not rise to the level of malice necessary for § 523(a)(6).

Malice under § 523(a)(6) requires more than recklessness or reckless disregard. *See **Long***, 774 F.2d at 881. However, the jury instruction does not simply ask whether Roussel acted in reckless disregard of the consequences. It asks whether he "knew or ought to have known" that his conduct would "naturally and probably result in damages" and then continued acting "in reckless disregard of the consequences *from which malice may be inferred*." *See **Ford Motor Co. v. Washington***, 431 S.W.3d 210, 220 (Ark. 2013) ("[A]n award of punitive damages is justified only where the evidence indicates that the defendant acted wantonly *or with such a conscious indifference to the consequences that malice may be inferred*." (emphasis

-4-

added)). In finding malice, the instruction thus required the jury to consider the "likelihood of harm in an objective sense," and whether Roussel acted while "intending or fully expecting" the consequences. *See* **Long**, 774 F.2d at 881-82. *See also* **Harper**, 378 B.R. at 852 (applying collateral estoppel in a § 523(a)(6) case to find the debtor acted with malice because the Arkansas jury instruction "required punitive damages to be awarded only if the action was taken with either the intent to cause harm or with the knowledge that harm was substantially certain to occur").

The district court did not err in applying collateral estoppel to the requirement of malice under § 523(a)(6).

Roussel next contests the district court's finding that he acted willfully. A willful injury is "a deliberate or intentional invasion of the legal rights of another. . . ." **Porter**, 539 F.3d at 894. "[N]ondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." **Kawaauhau v. Geiger**, 523 U.S. 57, 61 (1998). Willfulness is subjective, "requiring proof that the debtor desired to bring about the injury or was, in fact, substantially certain that his conduct would result in the injury that occurred." **In re Patch**, 526 F.3d 1176, 1180-81 (8th Cir. 2008). This court agrees with the district court that the undisputed evidence shows Roussel acted willfully. It was clear error for the bankruptcy court to find otherwise. *See* **Almgren**, 685 F.3d at 694.

While a Clear Sky managing member, Roussel opened a brokerage firm under the same franchise as Clear Sky, in the same town as Clear Sky, and with Clear Sky agents. He testified that after Deere rejected his first offer to sell his 50% interest, he met with two Clear Sky agents to discuss opening a competing franchise. He did not tell Deere about this. He further testified he knew Clear Sky intended to expand its operations in Conway to prevent the opening of a competing Exit Realty franchise, and Roussel in fact purchased the area of Conway that Clear Sky intended to purchase "as soon as [Clear Sky] could afford it." These facts show Roussel acted willfully,

that he knew "that the consequences [were] certain, or substantially certain, to result from his conduct." *See* **Patch**, 526 F.3d at 1181.

The district court did not err in concluding that the Judgment Debt is nondischargeable under § 523(a)(6).[2]

## II.

Roussel challenges the finding that the state court's award of attorneys' fees is nondischargeable. "Ancillary obligations such as attorneys' fees and interest may attach to the primary debt. . . ." **In re Hunter**, 771 F.2d 1126, 1131 (8th Cir. 1985). Their status "depends on that of the primary debt." ***Id.*** Roussel maintains that the state court's attorneys' fees award must be apportioned between the dischargeable and nondischargeable parts of the underlying debt. Because the $40,000 breach-of-contract award (to Deere) is dischargeable, he argues, attorneys' fees attached to this debt are also dischargeable. However, apportionment is inappropriate here because the Deere's breach-of contract-claim is deeply intertwined with the breach-of-fiduciary-duties claim by Deere and Clear Sky.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____

---

[2] Because this court agrees Roussel acted willfully and maliciously in violation of § 523(a)(6), it need not address the defalcation argument under § 523(a)(4).

# United States Court of Appeals
*For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
**www.ca8.uscourts.gov**

July 25, 2016

West Publishing
Opinions Clerk
610 Opperman Drive
Building D D4-40
Eagan, MN 55123-0000

     RE: 15-3048  Blake Roussel v. Clear Sky Properties, LLC, et al

Dear Sirs:

     A published opinion was filed today in the above case.

     Counsel who presented argument on behalf of the appellant was Kevin P. Keech, of Little Rock, AR. The following attorney also appeared on the appellant brief: Rachel V. Warnick, of Little Rock, AR.

     Counsel who presented argument on behalf of the appellees was H. Wayne Young, Jr., of Little Rock, AR. The following attorney also appeared on the appellee brief; Daniel Herrington, of Little Rock, AR.

     The judge who heard the case in the district court was Honorable Susan Webber Wright. The judgment of the district court was entered on August 14, 2015.

     If you have any questions concerning this case, please call this office.

                   Michael E. Gans
                   Clerk of Court

MER

Enclosure(s)

cc:  MO Lawyers Weekly

     District Court/Agency Case Number(s):  4:15-cv-00212-SWW

# United States Court of Appeals
*For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

July 25, 2016

Mr. Kevin P. Keech
KEECH LAW FIRM
2011 S. Broadway
Little Rock, AR  72206

RE:  15-3048  Blake Roussel v. Clear Sky Properties, LLC, et al

Dear Counsel:

The court has issued an opinion in this case. Judgment has been entered in accordance with the opinion. The opinion will be released to the public at 10:00 a.m. today. Please hold the opinion in confidence until that time.

Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. Note particularly that petitions for rehearing and petitions for rehearing en banc <u>must</u> be received in the clerk's office within 14 days of the date of the entry of judgment. Counsel-filed petitions must be filed electronically in CM/ECF. Paper copies are not required. No grace period for mailing is allowed, and the date of the postmark is irrelevant for pro-se-filed petitions. Any petition for rehearing or petition for rehearing en banc which is not received within the 14 day period for filing permitted by FRAP 40 may be denied as untimely.

Michael E. Gans
Clerk of Court

MER

Enclosure(s)

cc:     Mr. Jim McCormack
        Ms. Rachel V. Warnick
        Mr. H. Wayne Young Jr.

District Court/Agency Case Number(s):   4:15-cv-00212-SWW